### DEBUYS & AL. vs. MOLLERE.

APPEAL from the court of the second district.

PORTER, J. delivered the opinion of the court. This case presents two points for decision.

It is not a good cause of challenge to the array, that forty-nine jurorsweredrawn and put on the venire.

East'n District.
*June*, 1824.

DEBUYS & AL.
*vs.*
MOLLERE.

Amendments, may be allowed at any stage of the proceedings, for the furtherance of justice.

The first is whether it is a good challenge to the array, that the names of forty-nine persons were drawn and placed on the *venire*, instead of forty-eight.

This is precisely the same question which we lately decided in the case of *Ramos* vs. *Bringier*. We then held that it did not furnish a good ground for this objection, that forty-nine persons were drawn. That the challenge should be to the poll, if the individual, drawn after the forty-eight were selected, should be offered as a juror.

The second is whether an amendment made in the petition was properly allowed by the court. The suit was originally brought in the names of ———— Debuys and ———— Longer, of the city of New-Orleans, trading under the firm of Debuys & Longer. The defendant, in the answer, excepted to the petition, because the names of the parties, plaintiff, were not set forth as they should be in said suit, that the said plaintiffs, if partners in trade could not maintain an action in the name of the firm, but must sue in their individual names; he therefore prayed judgment, and if bound to answer further, pleaded the general issue.

We think the district judge did not err. Amendments as has already been said in this

court, may be allowed at any stage of the cause, for the furtherance of justice. [1 *Martin*, 640.

Under a system of jurisprudence, infinitely more strict and technical than ours, the same principle prevails. And their courts there hold—that amendments are reducible to no certain rule; but that each particular case must be left to the sound discretion of the court; and that the best principle is that an amendment should or should not be permitted to be made, as it would best tend to the furtherance of justice. 7 *Durn. & East*, 699.

The chief justice of Pennsylvania, in citing this case, says there is so much liberality and good sense in it, that he cheerfully subscribed to it. 1 *Binney*, 370.

The books, from which we take these remarks, are not quoted as having any authority here, but if reason, sound sense, exhibited in a disregard to technical objections, which embarrass the administration of justice, are entitled to any respect, they must be of weight every where; and they are in perfect conformity to the spirit and principles of our jurisprudence. 3 *Martin*, 398, *Curia Philip. p.* 1, § 11, *no.* 19.

East'n District.
June, 1824.

DEBUYS & AL.
vs.
MOLLERE.

Let us apply this rule to the case before us. Did the amendment tend to advance the administration of justice, or not? We think there cannot be a doubt that it did. The defendant made his note to Debuys and Longer—to that firm the money was due, not to the individuals composing it. The party sued well knew who demanded the money of him. The names of the persons, composing the firm, did not in any respect change the issue. It was still whether the note was executed to the partnership or not. Justice then most emphatically required that the defendant should not be allowed to impede the recovery of a debt, which there is no doubt he owed, by exceptions wholly foreign to the merits of the cause.

It is therefore ordered, adjudged and decreed that the judgment of the district court be affirmed with costs.

*Randall* for the plaintiffs, *Lockett* for the defendant.

